UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK SMITH,

    Plaintiff,                             No. 15-10090

v.                                      District Judge Robert H. Cleland
                                          Magistrate Judge R. Steven Whalen

MR. DOYLE, ET AL.,

    Defendants.
_____/

### REPORT AND RECOMMENDATION

On January 5, 2015, Plaintiff Jack Smith ("Plaintiff"), formerly a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983, naming a number of Defendants. Before the Court is Defendant Cary Johnson's ["Defendant's"] Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) [Doc. #28], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Defendant's motion be DENIED.

### I. BACKGROUND FACTS

Plaintiff's current case arises out of a previous suit, filed December 6, 2011 in which he alleged civil rights violations related to the denial of parole. Case. no. 11-15342, *Docket 1,* 1-2 of 13. On February 3, 2012, the District Court dismissed the complaint without

prejudice on the basis that Plaintiff had failed to provide a sufficient number of copies of the complaint to effectuate service upon Defendants. *Id., Docket #8.*

Plaintiff filed the present complaint on January 5, 2015. He alleges that his failure to comply with the service requirements in the prior lawsuit was attributable to the mishandling of his legal mail by the current Defendants. Case no. 15-10090., *Docket #1*. He alleges that he discovered on November 23, 2011 that present Defendants' failure to mail a copy/copies of the complaint to the court resulted in the dismissal of the previous case. *Docket #1,* 4 of 24. Along with the current Complaint, Plaintiff has provided a copy of the MDOC Step I grievance dated November 24, 2011.[1] *Id.* at 13. Plaintiff has also provided a copy of the Step III grievance response dated March 20, 2012. *Id.* at 17.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway*, 270 F.3d 416, 419(6 th Cir.2001).

In assessing the sufficiency of a complaint, the court must first determine whether it

---

[1] Plaintiff's December 6, 2011 case was filed under § 1983. However, the November 24, 2011 grievance states that the mishandled documents pertained to a petition for habeas corpus. *Docket #1,* at 13. In any case, because the current case is brought under § 1983, the statute of limitations for civil rights claims applies.

contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678 (*citing Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief. *Iqbal,* at 678–679.

### III.  ANALYSIS

Defendant Johnson argues that "even under a liberal reading of the [C]omplaint," Plaintiff seeks redress for incidents "occurring before November 13, 2011[] when he filed a grievance complaining of the mailroom's alleged mishandling of his mail." *Defendant's Motion,* 5, *Docket #28,* Pg ID 124. He contends that the January 5, 2015 filing is well outside Michigan's three-year statute of limitations for § 1983 claims. *Id.*

Plaintiff responds, in effect, that the statute of limitations was tolled between the filing of his Step I grievance and the March 20, 2012 Step III grievance response. *Response,* 1-3, *Docket #31,* Pg. ID 124.

In a § 1983 action, federal courts apply state personal injury statutes of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* M.C.L. § 600.5805(10); *Carroll v. Wilerson*, 782 F.2d 44, 45 (6th Cir.1986). In contrast, accrual of the claim for relief is determined by federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The limitations

period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir.1991).

Under 42 U.S.C. § 1997e(a): "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1999) (emphasis added). Because prisoners are "prevented from bringing suit in federal court for the period of time required to exhaust," the applicable statute of limitations is tolled for the period that the state remedies are being exhausted. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

As an initial matter, while Defendant contends that the claim accrued on November 13, 2011, Plaintiff's Step I grievance states that he discovered the alleged misfeasance on November 23, 2011, one day before filing the Step I grievance. *Complaint* at 13. Under Plaintiff's version, the statute of limitations on the claim would have expired on November 23, 2014. The January 5, 2015 complaint was filed 44 days later.

However, Plaintiff is correct that the statute was tolled during the period he was exhausting his administrative remedies. *See Brown, supra.* He filed his Step I grievance on November 24, 2011 and the process was completed when the MDOC issued a Step III on March 20, 2012. *Complaint* at 17. As such, the statute of limitations was tolled for 118 days (three months, 25 days) beyond the November 23, 2014 expiration. As such, Plaintiff's

January 5, 2015 filing left him with 74 days to spare before the statute of limitations expired.

Plaintiff's Step I grievance indicates that he became aware of the alleged malfeasance from family members who informed him "over a month-and-a-half" after September 28, 2011 (the date he placed the documents in the mailbox) that the documents had not reached the court. *Complaint* at 13. Even accepting Defendant's position that Plaintiff had reason to know of the alleged misfeasance at least as early as November 13, 2011, the current Complaint is nonetheless well within the statute of limitations.

## IV. CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Docket #28] be DENIED.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); and *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate

Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: February 6, 2017


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 6, 2017, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager