UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK SMITH,

       Plaintiff,                        No. 15-10090

v.                                  District Judge Robert H. Cleland
                                        Magistrate Judge R. Steven Whalen

MR. DOYLE, ET AL.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

On January 5, 2015, Plaintiff Jack Smith formerly a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983. Before the Court is a motion for summary judgment filed by Defendants Debra Scutt and Sean Lockhart [Doc. #40], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Defendants' motion be GRANTED and that Defendants Scutt and Lockhart be DISMISSED WITH PREJUDICE.

I further recommend that Defendant Cary Johnson be *sua sponte* DISMISSED WITH PREJUDICE under Fed.R.Civ.P. 12(b)(1), *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), and 28 U.S.C. § 1915(a).

## I. FACTS

Plaintiff's current case arises out of a previous action, filed December 6, 2011, in which he alleged civil rights violations related to the denial of parole. *See* E.D. Mich. Docket No. 11-15342. On February 3, 2012, the Court dismissed that complaint without prejudice because Plaintiff had failed to provide a sufficient number of copies to effectuate service upon Defendants. *Id., Docket #8*.

Plaintiff filed the present complaint on January 5, 2015. He alleges that his failure to comply with the service requirements in the prior lawsuit was attributable to the mishandling of his legal mail. *Complaint* [Doc. #1]. He alleges that he discovered on November 23, 2011 that Cotton Correctional Facility's mail room's failure to mail a copy/copies of the complaint to the court resulted in the dismissal of the previous case. *Id.,* Pg. ID 4.

On March 12, 2015, Plaintiff filed a motion for leave to file a "supplemental complaint" [Doc. #8], which the Court granted [Doc. #16]. In this supplemental pleading, Plaintiff alleges that Defendant Scutt, who was the warden of the facility, was the Step II respondent to his grievance regarding the handling of his mail, and that Defendant Lockhart was the Step III respondent. *Supplemental Complaint* [Doc. #8], ¶¶ 8-9. He also alleges that Defendant Johnson was the Step I respondent. *Id*. ¶ 6. Plaintiff has attached a copy of his grievance to both his original and supplemental complaints.

## II.  STANDARD OF REVIEW

### A.  Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990).  Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing

party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322-23.

### B. 28 U.S.C. § 1915(a)

Because the Plaintiff requested and has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) [Doc. #4], his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides as follows:

"[T]he court shall dismiss the case at any time if the court determines that-

(A) the allegation of poverty is untrue; or
(B) the action or appeal-
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief."

This provision applies to all IFP cases, and empowers the Court to *sua sponte* dismiss those complaints that are frivolous or fail to state a claim on which relief can be granted. *Benson v. O'Brian,* 179 F.3d 1014, 1015 -1016 ( 6th Cir. 1999) ("If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint"); *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997). A case is

frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams* 490 U.S. 319, 325 (1989).

### C. Fed.R.Civ.P. 12(b)(1)

In addition a Court may dismiss a frivolous complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

### III. DISCUSSION

The plaintiff in a § 1983 case must show that a named defendant was personally involved in the allegations underlying the complaint. *Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *Bellamy v. Bradley,* 729 F.2d 416 (6th Cir. 1984). Plaintiff's claims center on the alleged mishandling of his prison mail. Neither Defendant Scutt, Defendant Lockhart, nor Defendant Johnson are alleged to have been personally involved in the misdirection of Plaintiff's mail. Rather, the supplemental complaint, at ¶¶ 6, 8-9, very specifically alleges that the basis of Plaintiff's claims against these three Defendants arises solely from their roles as grievance respondents. However, the Sixth Circuit has held that liability may not be imposed simply because a defendant reviewed or denied a grievance. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999)(holding that prisoner's claims against defendants whose only

involvement was the denial of administrative remedies failed as a matter of law); *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) (same). *See also Martin v. Harvey*, 14 Fed.App'x. 307, *2 (6th Cir. 2001)(denial of a prisoner's grievance does not give rise to § 1983 liability); *Alder v. Corr. Med. Servs.,* 73 Fed.App'x 839, 841 (6th Cir.2003)("The mere denial of a prisoner's grievance states no claim of constitutional dimension."). And to the extent Plaintiff alleges liability based on the Defendants' supervisory status, his claims also fail. *See Shehee*, 199 F.3d at 300 ("§ 1983 liability must be based on more than *respondeat superior*, or the right to control employees"); *Skinner*, 463 F.3d at 525-26.

Therefore, Defendants Scutt and Lockhart's motion for summary judgment should be granted, and, because the same allegations against Defendant Johnson fail to state a claim, and are "frivolous, devoid of merit, [and] no longer open to discussion," *Apple v. Glenn*, 183 F.3d at 479, he should be *sua sponte* dismissed under Fed.R.Civ.P. 12(b)(1) and 28 U.S.C. § 1915(a).[1]

---

[1] Defendants alternatively seek dismissal under 28 U.S.C. § 1997e(a), for Plaintiff's failure to properly exhaust his administrative remedies before filing his complaint. Given that Plaintiff failed to name Defendants Scutt, Lockhart, and Johnson in his grievance, in violation of MDOC Policy Directive 03.02.130, *see Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010), the Defendants' exhaustion argument has merit. However, 28 U.S.C. § 1997e(c)(2) provides that "[i]n the event that a claim is, on its face, frivolous, malicious, [or] fails to state a claim upon which relief can be granted...the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."

### IV.  CONCLUSION

For these reasons, I recommend that Defendants' motion for summary judgment [Doc. #40] be GRANTED, and that Defendants Debra Scutt and Sean Lockhart be DISMISSED WITH PREJUDICE.

I also recommend that the Court *sua sponte* DISMISS WITH PREJUDICE Defendant Cary Johnson.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen (14) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled

as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 5, 2017            s/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify on July 5, 2017 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants July 5, 2017.

                                                  s/Carolyn M. Ciesla
                                                  Case Manager for the
                                                  Honorable R. Steven Whalen